IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. ROMERO
and BONNIE L. SCOTT,

                Plaintiffs,

   vs.                                    CIVIL NO.  11-255 RB/LFG

SALVADOR SAMBRANO, in his
individual capacity; BOARD OF COUNTY
COMMISSIONERS OF GUADALUPE
COUNTY; and JONATHAN BERNAL,
in his individual capacity,

                Defendants.

## ORDER GRANTING MOTION TO ENFORCE SUBPOENA

THIS MATTER is before the Court on Defendant Salvador Sambrano's ("Sambrano")
Motion to Enforce Subpoena [Doc. 122].  No response in opposition was filed, and a Notice of
Completion of Briefing was filed by Sambrano on March 4, 2013 [Doc. 134].  For the reasons
hereafter stated, the motion is granted.

### Background

Plaintiff Michael A. Romero ("Romero") seeks an award of damages in this civil rights
lawsuit against Defendants, including damages in the form of lost wages, "past, present and future."
[Doc. 1, ¶ 140; Doc. 102, at 6.] Romero alleges that on the date of arrest, October 23, 2010, his
employer, Akal Security ("Akal") placed him on administrative leave and that he remained on
administrative leave until at least November 2011, the date of Romero's deposition. [Doc. 122, Ex.
A, at 169, 173.]

During discovery, Defendants attempted to gain information about Romero's lost wages claim and sought his employment records from Akal.  On February 7, 2012, counsel for Sambrano issued a Rule 45 subpoena to Akal, commanding the company to produce Michael A. Romero's employment records by 15 days from the date of issuance of the subpoena. [Doc. 122, Ex. 2.]

On February 14, 2012, Akal responded to Sambrano's counsel by letter stating that Akal required a signed release by Mr. Romero, along with a per page fee for reproduction of the files. [Doc. 122, Ex. 3.]

On March 8, 2012, Sambrano's counsel wrote Akal, noting receipt of the February 14, 2012 letter, and stating that on February 22, 2012, Sambrano's attorney faxed a signed release by Romero to obtain his employment records but no records were received as of March 8.  Counsel asked Akal to produce the records within five days of that letter. [Doc. 122, Ex. 4.]

On the same day, March 8, 2012, Akal wrote Sambrano's counsel stating they received the February 22 fax with Romero's authorization to release records, but that the authorization did not permit Akal to release information to Romero's law firm, Sandenaw Law Firm.  Thus, Akal asked for a signed release authorizing it to send the requested information to the law firm. [Doc. 122, Ex. 5.]

On March 23, 2012, Sambrano's counsel provided a letter to Akal with authorization to release Romero's employment records.  The letter was on the law firm's letterhead and contained Romero's date of birth and social security number although both are redacted, at least in these copies provided to the Court. [Doc. 122, Ex. 6.]

On April 5, 2012, Akal wrote to Sambrano's attorney's firm, stating that in order to comply with the request, Akal required Sambrano to serve a subpoena on its registered agent in Santa Fe. [Doc. 122, Ex. 7.]

2

On April 11, 2012, Sambrano's attorneys firm wrote Akal, in care of its registered agent, stating it represented Defendants in the above-captioned lawsuit and that it enclosed a subpoena for production or inspection of documents related to Michael Romero. In lieu of making the documents available for inspection, defense counsel asked that Akal mail the documents to the law firm by April 26, 2012. Defendants further stated it would pay reasonable copying charges. [Doc. 122, Ex. 7.] The subpoena was attached, again including Romero's name, date of birth, and social security number, with redactions.

On April 20, 2012, Akal wrote defense counsel stating it was in receipt of the subpoena served on its statutory agent and that the total copying charges due were $40.00. Once Akal received payment, it would "promptly forward the records." [Doc. 122, Ex. 7, exhibit.] On April 23, 2012, defense counsel sent Akal a check in the amount of April 20, 2007, asking that the employment records be sent as soon as possible. [Doc. 122, Ex. 7, exhibit.]

Akal produced records for Michael A. Romero. The cover sheet contained the correct name and date of birth, but the actual records enclosed were for a Michael L. Romero, who had a different date of birth and a different social security number. That Romero worked only in Colorado, not in New Mexico. [Doc. 122, Exs. 8, 9.]

On June 25, 2012, defense counsel sent Akal a letter stating that employment records for the wrong Michael Romero were produced. The letter further noted that counsel tried to reach Akal "repeatedly to rectify this oversight," but that defense counsel never received a response. Sambrano's counsel set a new deadline of July 9, 2012, for production of Michael A. Romero's employment records. Defense counsel stated that if he failed to receive the records, he would have no choice but to file a request with the Court for an order of contempt. [Doc. 122, Ex. 10.] Defense

counsel included a copy of the subpoena and Romero's authorization to release records, with his date of birth and social security number.

On June 26, 2012, Akal wrote to defense counsel stating that it had forwarded "all records which matched the Social Security Number provided on the Subpoena.  This SSN is the only Michael Romero who has been employed within AKAL's retention period; therefore, no other such records exist." [Doc. 122, Ex. 11.]

### Motion to Enforce Subpoena

On January 30, 2013, Sambrano's counsel filed the present motion to enforce the subpoena that required production of documents as late as July 9, 2013.  Defense counsel states in the motion that even a cursory review of the documents sent by Akal reveals that Akal's statements about the two Romeros' social security numbers matching were false. [Doc. 122, at 3.] In addition, defense counsel states that Akal refused any further efforts to comply with the subpoenas that were served on it and also refused to cooperate with follow-up efforts to obtain the records. [Id.] There is no indication in the motion that defense counsel continued to try to contact Akal about the records it sought.

Instead, defense counsel notes that the case is set for a pretrial conference on March 8, 2013, and that trial is scheduled to begin on April 1, 2013.  Defense counsel seeks the Court's assistance in requiring Akal to comply with the requests for employment records, including a contempt finding and monetary sanctions against Akal. [Doc. 122, at 4.]

In Defendant Sambrano's certificate of service, counsel indicates that he faxed and mailed the Rule 45(e) motion to enforce at the following address:

Akal Security
Attn: Litigation Manager
P.O. Box 1197
Santa Cruz, NM 87565
(505) 753-7832

Thus, it appears that the motion was served on a business address of Akal's, rather than on its registered agent, whose address was listed as being in Santa Fe. Akal's fax number is not provided on the certificate of service. Rather, its business telephone number is included, according to Akal's letterhead. It is clear that Akal did not file a response to the motion nor a request for an extension of time to respond to the motion. The deadline for responding passed.

### Discussion

Under this District's local rules, Akal's failure to respond to the motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). In addition, the Court observes that Rule 45 allows the serving party to move the issuing court for an order compelling production or inspection "at any time, on notice to the commanded person." Fed. R. Civ. P. 45(c)(2)(B)(i). The Court suggests that Defendant should have acted more promptly in attempting to enforce the subpoena after the last documented attempts to obtain the records in June or July 2012. Nonetheless, Defendant's motion is technically timely and that it provided notice to Akal that it would seek court intervention.

The Court acknowledges that under Rule 45, Akal, a non-party recipient of a subpoena, could properly object to the subpoena by way of letter, provided the letter was served before the earlier of the times specified for compliance or 14 days after the subpoena was served. Fed. R. Civ. P. 45(c)(2)(B). In other words Akal was not required to file a motion to quash or a motion for protective order. Moreover, once a non-party timely objects, it need not comply with the subpoena.

Here, while Akal initially objected by letter in a timely fashion, Defendant Sambrano followed all instructions provided by Akal and supplied the requested information. Akal failed to adequately explain its later letter stating that the social security number or records for Romero matched the records it produced for Michael A. Romero. In addition, Akal was evasive. It initially failed to supply Defendant with the full information it required to produce the records. Then Akal "upped the ante," by repeatedly requiring Defendant to jump through one more hoop before agreeing to produce the information, *e.g.,* requiring that Romero's authorization to produce the records be sent to the law firm, requiring that the subpoena and authorization be sent to Akal's registered agent, after initial letters were sent directly to Akal, etc. Finally, Akal implied in its June 26, 2012 letter that perhaps it did not keep Romero's employment records due to "Akal's retention period."

Akal's conduct is inexplicable and improper. Moreover, nothing excuses Akal from responding to the motion to enforce, which it failed to do.

The Court grants Defendant's motion to enforce the subpoena and requires Akal to produce all employment records for Romero to Defendant's law firm by no later than five (5) days after entry of this Order. Failure to comply with this Order may subject Akal to monetary sanctions.

IT IS THEREFORE ORDERED that Defendant's Motion to Enforce Subpoena [Doc. 122] is GRANTED as described herein.

*Lorenzo F. Garcia*
_____
Lorenzo P. Garcia
United States Magistrate Judge

A copy of this Order is being mailed to
Akal Security at the following addresses:

Attn: Litigation Manager         c/o CT Corporation System
P. O. Box 1197                   123 East Marcy
Santa Cruz, NM  87567            Santa Fe, NM  87501