IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. ROMERO and
BONNIE L. SCOTT,

      Plaintiffs,

vs.                                                         No. CIV 11-0255 RB/LFG

SALVADOR SAMBRANO,
in his individual capacity, BOARD OF COUNTY
COMMISSIONERS OF GUADALUPE COUNTY,
JONATHAN BERNAL, in his individual capacity,
THE CITY OF SANTA ROSA, and CHARLES
BACA, in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Romero's Motion for Reconsideration (Doc. 128). Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

**I.**     **Background**

Plaintiffs filed suit alleging unlawful arrest, battery, false imprisonment, excessive force, malicious prosecution, and conspiracy under 42 U.S.C. § 1983, as well as battery, false imprisonment, excessive force, and malicious prosecution under the New Mexico Tort Claims Act. Defendants moved for summary judgment on all claims. The Court granted Defendants summary judgment on Plaintiffs' claims for unlawful arrest, false imprisonment, malicious prosecution, and conspiracy, but denied summary judgment as to their claims for excessive force and battery. Romero moves for reconsideration of the Court's determination that Defendants had

probable cause to arrest him for domestic violence. Defendant Sambrano[1] opposes the motion.

## II.    Standard

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 1992). However, "a district court always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so where error is apparent." *Id*. The Court may alter or amend an interlocutory order at any time before the filing of the final judgment. *Raytheon Constructors, Inc. v. Asarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Romero cites to Federal Rule of Civil Procedure 59(e), which applies post-judgment. *Warren*, 507 F.3d at 1243. A Rule 59(e) motion is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III.   Discussion

Romero asserts that the Court misapprehended his purported undisputed material facts. Romero is correct that the Court gave little credence to his selective rendition of the facts. Rather, the Court read all the materials, viewed the videos, and listened to the audio recordings presented by the parties in reaching its decision. The Court considered Romero's attempt to elicit legal conclusions during Sambrano's deposition in the context.

Contrary to Romero's contentions, the subjective beliefs of Sambrano are irrelevant to the objective probable cause determination. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008) (stating that "an officer's own subjective reason for the arrest is irrelevant, and it does not

---

[1] Plaintiffs settled with the Guadalupe Defendants on February 28, 2013.

matter whether the arrestee was later charged with a crime."); *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (noting that the "subjective belief of an individual officer as to whether there was probable cause for making an arrest is not dispositive."). It is well-established that "the subjective intent of the officer - i.e., his reason for making the arrest - cannot be used to invalidate an otherwise legitimate arrest. The correct inquiry is whether the facts known to the arresting officer give probable cause to arrest." *United States v. Turner*, 553 F.3d 1337, 1344 (10th Cir. 2009) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).

     Probable cause to arrest exists where, the totality of the circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information is sufficient to lead a prudent person to believe that the arrestee has committed an offense. *Morris v. Noe*, 672 F.3d 1185, 1192 (10th Cir. 2012) (internal citations omitted). "Battery against a household member consists of the unlawful, intentional touching or application of force to the person of a household member, when done in a rude, insolent or angry manner." N.M. STAT. ANN. § 30-3-15(A). Officer Sambrano and Deputy Bernal were dispatched to Plaintiffs' residence in response to a 911 report of domestic violence. When they arrived, Mike Garcia informed Sambrano that Romero had pushed Scott and Romero was in a house down the road. Scott came out of the house and Sambrano observed she was limping and she had been crying. Scott's later deposition testimony as to why she was limping and crying is irrelevant to the probable cause determination. Scott can be heard on the recording referred to herself as an "unwilling victim" of domestic violence. While Scott's statement is not dispositive, it does contribute to the probable cause calculus. When the officers arrived at the house where Mike Garcia directed them, the party was ongoing. Officer Sambrano and Deputy Bernal knocked on the door and Daniel Romero, Plaintiff's brother, invited

them inside.  Romero was uncooperative and claimed that Scott had hit him.  Romero informed the officers that Scott was his wife.  Based on the totality of the circumstances, Officer Sambrano and Deputy Bernal had probable cause to arrest Romero for battery against a household member at this point in time.  The Court stands by its determination that Defendants had probable cause to arrest Romero for battery against a household member.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff Romero's Motion for Reconsideration is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**